# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

|  |  |
|---|---|
| **IN RE JONATHAN L. KATZ** | Case No. 3:06MC00008 |
|  | **OPINION AND ORDER** |
|  | By: James P. Jones<br>Chief United States District Judge |

*William F. Gould, Assistant United States Attorney, Charlottesville, Virginia, for United States of America; David L. Heilberg, Dygert, Wright, Hobbs and Heilberg, PLC, Charlottesville, Virginia, and Murray J. Janus, Bremner, Janus, Cook, Marcus & Stone, Richmond, Virginia, for Defendant.*

On March 7, 2007, attorney Jonathan L. Katz was found guilty of criminal contempt and fined $2,500 by this court for his violation of an order that he not refer to government witnesses as liars during closing arguments in a criminal trial. *In re Katz,* No. 3:06MC00008, 2007 WL 678660 (W.D. Va. Mar. 7, 2007).

On March 20, 2007, Katz filed the present motion requesting that the court alter the judgment and consider an alternative sentence as typically imposed in state court for minor offenses. In particular, Katz argues that his case should be taken under advisement by the court in contemplation of a dismissal premised on his good behavior. He does not allege that the court made any error in imposing the original sentence.

Under Federal Rule of Criminal Procedure 35(a), a court may not alter a sentence it has imposed upon a defendant after seven days. The Fourth Circuit has held that the seven-day limit of Rule 35(a) is jurisdictional. *See United States v. Shank*, 395 F.3d 466, 470 (4th Cir. 2005) ("[W]e conclude that former Rule 35(c), now Rule 35(a), establishes a seven-day jurisdictional limit."). Katz did not file the present motion until after the seven-day limit allowed by the rule had lapsed. Accordingly, even if Katz's present motion were meritorious, this court has no jurisdiction to reconsider the sentence imposed upon him.

Furthermore, aside from the timeliness of Katz's motion, he seeks relief that is not available under the rule. A sentence may only be corrected if it were imposed "as a result of arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Katz does not argue that he is entitled to relief as a result of such errors.

Essentially, Katz asks this court to overrule its previous findings regarding his contumacious behavior and take the case under advisement in contemplation of a future dismissal. However, it was entirely appropriate to find Katz guilty of criminal contempt due to his disregard of a court order and the fine was a reasonable punishment considering his resources and ability to pay.

For the reasons stated herein, it is **ORDERED** that the defendant's motion (Docket No. 16) is DENIED.

ENTER: April 20, 2007

/s/ JAMES P. JONES
Chief United States District Judge